IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-595-FL

| | |
|---|---|
| ANGELA NEIL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARREN COUNTY SCHOOLS; )<br>KATRINKA R. BREWER, Principal of )<br>Mariam Boyd Elementary School; RAY )<br>SPAIN, Superintendent at Warren County )<br>Schools; KEEDRA WHITAKER, Chief )<br>Human Resources Officer at Warren County )<br>Schools; CHELSEA JENNINGS, Chief )<br>Academic Officer at Warren County )<br>Schools; DONNA ROBERTSON, Payroll )<br>and Benefits Specialist at Warren County )<br>Schools; SHEKENA SMITH, )<br>Administrative Assistant at Mariam Boyd )<br>Elementary School; KENDRA DAVIS, )<br>Assistant Principal at Mariam Boyd )<br>Elementary School; ADRIENE STEWART, )<br>School Counselor at Mariam Boyd )<br>Elementary School; MYLICY POWELL, )<br>Head Custodian at Mariam Boyd Elementary )<br>School; BLAIR BRANTLEY, Kindergarten )<br>Teacher at Mariam Boyd Elementary )<br>School; ANNETTE CATES, Teacher )<br>Assistant at Mariam Boyd Elementary )<br>School; MIA TAYLOR-TERRY, School )<br>Nurse at Mariam Boyd Elementary School; )<br>MARTIAN TAYLOR; and STEPHANIE )<br>SEWARD, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon pro se plaintiff's motion to appoint counsel (DE 68, 69,) and her request to schedule a conference with opposing counsel (DE 68).

A.   Motion to Appoint Counsel

Section 1915(e) of Title 28 allows "the court . . . [to] request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The power to appoint is a discretionary one." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). However, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)).

While acknowledging the good faith efforts plaintiff has put forth to retain counsel, the court must conclude that plaintiff has not demonstrated that exceptional circumstances justify appointment of counsel by the court at this time. Compare Evans v. Kuplinski, 713 F. App'x 167, 170 (4th Cir. 2017) (holding that counsel should have been appointed to pro se civil litigant where "claims implicate[d] a complex but colorable tolling issue and (2) [defendant] suffer[ed] from severe mental illness and was committed to a psychiatric facility without access to research materials for the entirety of the litigation below"). Accordingly, the motion to appoint counsel is denied.

B.   Scheduling Conference Request

Plaintiff requests "the Court to schedule a conference with the Defendant, in selecting a deadline for provision of their joint report and plan through issuance of initial order regarding

2

Case 5:20-cv-00595-FL   Document 70   Filed 08/16/21   Page 2 of 3

planning and scheduling." (DE 68).  However, per the court's March 8, 2021, order, as of March 22, 2021, the court, having heard no objection, stayed the parties' scheduling conference pending decision on defendants' motion to dismiss (DE 62).[1]  Plaintiff's March 11, 2021, filing (DE 65) made no mention of such an objection and, instead, addressed defendants' motion on its merits.  Further, plaintiff's request for an extension of time to state a claim upon which relief may be granted, in the same filing, does not constitute such an objection and will be addressed by the court's later order addressing issues raised in defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel (DE 68, 69) and her request to schedule a conference with opposing counsel (DE 68) are DENIED.

SO ORDERED, this the 16th day of August, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Presently pending before the court is defendants' motion to dismiss, which will be addressed by separate order.