IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-595-FL

| | | |
|---|---|---|
| ANGELLA NEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Warren County Board of Education's motion to compel. [DE-144]. Plaintiff Angella Neil, proceeding pro se, filed a response in opposition and request for a protective order. [DE-146]. For the reasons that follow, Defendant's motion to compel is allowed and Plaintiff's request for a protective order is denied.

I.    **Background**

This is an employment discrimination case brought by Angella Neil, proceeding pro se, against the Warren County Board of Education. The case is proceeding on Plaintiff's claims for Title VII national origin discrimination and retaliation. Plaintiff, who is Jamaican, was a teacher at Miriam Boyd Elementary School in Warren County during the 2018-19 academic year and claims she was harassed and discriminated against due to her national origin, and when she complained she was retaliated against and her contract was not renewed. The Case Management Order ("CMO") entered by the court set a discovery deadline of June 5, 2023, and a motions deadline of July 5, 2023.

Defendant served its First Set of Interrogatories and Requests for Production of Documents on December 15, 2022, and identified the following perceived deficiencies in Plaintiff's response:

- Plaintiff produced no documents in response to the document requests;

- For RFP Nos. 1–8 and 10 and Interrog. No. 13, Plaintiff indicated that identifying, copying, and producing the requested documents would be oppressively burdensome and costly;

- For RFP Nos. 9 and 12, Plaintiff indicated she would share responsive material at a later date if desired; and

- For Interrog. Nos. 3 and 14, Plaintiff referred to other documents or information but did not identify the other sources;

Defendant reached out to Plaintiff to schedule a time to discuss the issues and, although Plaintiff responded, she did not ultimately provide a time she was available, so counsel filed the instant motion to compel. [DE-144].

Plaintiff responded that she has provided additional exhibits to defense counsel supporting her employment discrimination allegations. She also asserts that she received mail from defense counsel that has a suspicious scent, left her feeling ill, and required her to go to the hospital. Plaintiff requests that no more scented mail be sent to her; asserts her HIPAA rights related to the production of medical records; claims the cost to replicate dozens of documents presents an unnecessary financial burden; agrees to produce journals, notes, and binders that must first be retrieved from storage; has provided the requested job applications (70 pages) to Defendant electronically; asserts she has not received documents she requested pertaining to her salary; and requests a protective order that discovery only be had on specified terms and conditions, including at a designated time or place. [DE-146].

## II. Discussion

Rule 26 provides the general rule regarding the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

2

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding

3

to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

### 1. Requests for Production of Documents

Defendant asked Plaintiff to produce any documents identified in her interrogatory answers (RFP No.1), any documents related to the events alleged in the complaint (RFP Nos. 2, 3), any communications about the lawsuit or events alleged in the complaint (RFP Nos. 4, 5, 6, 7), any video or audio recordings of students in Warren County Schools (RFP No. 8), documents relating to Plaintiff's physical or psychological conditions between January 2017 and the present (RFP No. 9, 12), documents related to injuries or damages suffered by Plaintiff as the result of the claims alleged in the complaint (RFP No. 10, 13), documents showing salary and benefits received as an employee of Warren County Schools (RFP No. 11), and documents regarding Plaintiff's request that Defendant participate in her attempts to obtain a Green Card or to adjust her immigration status (RFP No. 14). [DE-144-1] at 9–14.

First, the court finds the documents requested are within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Next, Plaintiff's objection to RFP Nos. 1–8 and 10 that the identification, photocopying, and production of the requested documents would be oppressively burdensome and costly, [DE-144-3], is overruled. The Federal Rules provide that in response to a request for production, the Plaintiff may permit inspection and copying of items by Defendant. Fed. R. Civ. P. 34(a)(1), (b)(2)(B). Defendant has a right to seek relevant information and documents related to Plaintiff's claims and Defendant's defenses, and Plaintiff has not demonstrated how the burden or expense of responding to the document requests outweighs the likely benefit. *See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 3513239, at *4 (E.D.N.C. June 29, 2020) (citing *Wilson*

4

*v. Wexford Med.*, No. 3:18-CV-00890, 2020 WL 930112, at *3 (S.D. W. Va. Feb. 26, 2020) ("The 'party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence.'") (quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)); *Nat'l R.R. Passenger Corp. v. Turner*, No. 4:15-CV-68-BO, 2016 WL 2659546, at *3 (E.D.N.C. May 9, 2016) (finding conclusory assertion that responding to discovery request was unduly burdensome was insufficient to sustain the objection and collecting cases). Finally, Plaintiff's response that she would provide documents responsive to RFP Nos. 9 and 12 at a later date if desired, [DE-144-3], is insufficient. Plaintiff has made no sound objection to those requests and must timely respond.

Plaintiff responded that she has provided additional exhibits to defense counsel supporting her employment discrimination allegations. If Plaintiff has no further responsive documents to produce in response to a specific request, she must certify as much in her supplemental response.

Plaintiff also asserts her HIPAA rights related to the production of medical records. Plaintiff has put her physical and psychological health and treatment in controversy, *see* [DE-82] (amended complaint seeking medical costs and expenses as part of compensatory damages, the cost of counseling due to the discrimination, and pain and suffering damages); therefore, her medical records are discoverable. *See Stokes v. IKEA US Retail, LLC*, No. 22-CV-01377-JMC, 2023 WL 1970476, at *2 (D. Md. Feb. 13, 2023) (finding plaintiff's medical records relevant where plaintiff sought pain and suffering damages in a Title VII employment discrimination case) (citing *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, 2009 WL 4062881 (W.D.N.C. Nov. 20, 2009) ("A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records.")). To protect Plaintiff's confidential health related information, Defendant shall

5

submit to the court a proposed protective order to govern the disclosure of this sensitive information. Accordingly, Plaintiff shall supplement her responses to Defendant's document requests by either providing copies of the responsive items or making them available to Defendant for inspection and copying at defense counsel's office, at a mutually agreeable time and date, by no later than **May 23, 2023**.

## 2. Interrogatories

In contention are Plaintiff's responses to Defendant's Interrogatory Nos. 3, 13, and 14, which seek to identify items in Plaintiff's possession or that she is aware of related to the allegations in the complaint or damages (Interrog. No. 3), Plaintiff's complaints to Chelsea Jennings about discrimination and hostility (Interrog. No. 13), and any alleged discriminatory comments made to Plaintiff by Defendant's employees (Interrog. No. 14). [DE-144-1] at 5, 9.

First, the court finds the information requested is within the scope of discovery under Fed. R. Civ. P. 26(b)(1). With respect to Interrogatory Nos. 3 and 14, Plaintiff's response refers to other documents or information but does not specifically identify those other responsive documents or information. [DE-144-3]. The Federal Rules allow a party to answer an interrogatory by referring to a record where the answer may be found, but the responding party must "(1) specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d). Plaintiff must provide more specificity than generally referring to "other documents" or "other information" in her response to Interrogatory Nos. 3 and 14. As for Interrogatory 13, Plaintiff objects that responding would be burdensome and costly. However, as explained above, Plaintiff has not demonstrated how the burden or expense of responding to the

6

interrogatory outweighs the likely benefit. Accordingly, Plaintiff shall supplement her responses to Defendant's interrogatories by no later than **May 23, 2023**.

### 3. Plaintiff's Request for a Protective Order

Plaintiff asserts that she received mail from defense counsel that has a suspicious scent, left her feeling ill, and required her to go to the hospital. Plaintiff requests that no more scented mail be sent to her and requests a protective order that discovery only be had on specified terms and conditions, including at a designated time or place. [DE-146] at 2–4. The court heard from Plaintiff on this issue at an April 26, 2023 telephonic status conference, and observed that the mail would have passed through any number of places and hands from the time counsel mailed it until it reached Plaintiff. The court also asked Plaintiff if she would consent to electronic service in lieu of service by mail and she declined. Defense counsel is an officer of the court and is in good standing with the bar. The court has reviewed counsel's correspondence with Plaintiff and finds nothing inappropriate or suggestive of personal malice. The court finds no good cause to enter the requested protective order and expects the parties to work cooperatively and in good faith to complete discovery and move this case forward.

## III. Conclusion

For the reasons stated above, Defendant's motion to compel is allowed and Plaintiff's request for a protective order is denied.

SO ORDERED, the ___2___ day of May, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge