IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-595-FL

| | | |
|---|---|---|
| ANGELA NEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on pro se plaintiff's motion for reconsideration of the court's September 26, 2022, order adopting in part and rejecting in part the memorandum and recommendation of Magistrate Judge Robert B. Jones, Jr. and granting defendants' motion to dismiss with respect to some of plaintiff's claims, (DE 123); and plaintiff's motion to amend her amended complaint. (DE 140). Pending before the magistrate judge are defendants' motion for entry of a protective order, (DE 157), and for sanctions. (DE 160). Additionally, the clerk is in receipt of proposed subpoenas from plaintiff notwithstanding the court's June 21, 2023, closure of discovery (DE 163). For the following reasons, plaintiff's motion for reconsideration is denied and her motion to amend is denied without prejudice. The clerk is instructed not to issue subpoenas in this matter until further order of the court.

A.  Motion for Reconsideration

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Id.; see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003).

Plaintiff does not point to particular error in the court's September 26, 2022, order, instead contending generally that her rights were violated by defendant and the Magistrate Judge. (See DE 123 at 2). Upon review, the court was not in error, and there is no indication that the Magistrate Judge violated any of plaintiff's procedural rights. Accordingly, plaintiff's motion for reconsideration is denied.

B.  Motion to Amend

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Federal Rule of Civil Procedure 16] must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).[1] Under Rule 16, a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The court must also then consider separately whether the motion to amend should be granted under Rule 15. See HCMF Corp. v. Allen, 238 F.3d 273, 278 (4th Cir. 2001).

---

[1] Throughout this order, internal citations and quotation marks are omitted unless otherwise specified.

The deadline for amending the pleadings in this case was January 16, 2023, (see DE 133), and plaintiff's motion was filed January 19, 2023, thus the good cause standard applies. Plaintiff, however, has not shown good cause for modifying the scheduling order. In addition, and in the alternative, leave to amend must be denied as futile where plaintiff's proposed amended complaint includes several claims previously held to be without merit and does not allege additional facts or changes in law to support those claims. See e.g., (DE 140 at 30) (FMLA); (id. at 31) (federal tax claim). Moreover, where a motion for sanctions seeking dismissal of this case on the grounds that plaintiff has failed to follow orders of the court and failed to attend her deposition remains pending, granting leave to amend is unduly prejudicial at this time. Accordingly, plaintiff's motion to amend complaint is denied without prejudice.

## CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration, (DE 123), is DENIED and plaintiff's motion to amend, (DE 140), is DENIED without prejudice. The clerk is instructed not to issue subpoenas in this case until further order of the court.

SO ORDERED, this the 28th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge