IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-595-FL

| | | |
|---|---|---|
| ANGELLA R. NEIL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| WARREN COUNTY BOARD OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for sanctions. (DE 160). Also before the court are defendant's motion for protective order (DE 157), and plaintiff's motions styled "motion for court to schedule pretrial hearing conference," (DE 170), "request to place cause on trial calendar," (DE 171), and "motion for court to note the race of every potential juror examined in this case." (DE 186).

**BACKGROUND**

United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3(c), wherein it is recommended defendant's motion for sanctions be allowed and that plaintiff's complaint be dismissed. Neither party filed objections to the M&R, however, plaintiff filed a document titled "admissibility of evidence," relying upon documents titled "memorandum in support of admissibility of evidence," "plaintiff's pro se admissibility of evidence for jury trial exhibit B," and "propose[d] order for plaintiff's pro se admissibility of evidence; jury trial." (DE

1

184). Plaintiff also filed a document titled "plaintiff's pro se notice of readiness for trial," relying on a proposed order. (DE 185).

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Although plaintiff made two sets of filings following entry of the M&R, the court does not construe those filings as objections where the documents make no reference to the magistrate judge or his decision. Accordingly, the court reviews the M&R for clear error.

The magistrate judge recommends granting defendant's motion to compel and awarding a sanctions of dismissal with prejudice where plaintiff demonstrated bad faith by deliberately proceeding in a dilatory fashion, including by failing to appear for two properly noticed depositions, and prejudiced defendant by prolonging resolution of the matter, depriving defendant of information needed to defend itself, and forcing defendant to incur substantial costs beyond the

ordinary cost of litigation. The magistrate judge found that no sanction less drastic than dismissal was appropriate where plaintiff appeared to have no means to pay a monetary penalty and was unwilling to comply with the Federal Rules and the court's orders. The court also warned plaintiff of the sanction of dismissal.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion for sanctions (DE 160) is GRANTED on the terms set forth in the M&R. In particular, plaintiff's complaint is DISMISSED WITH PREJUDICE as a sanction for failure to follow the court's order and failure to meaningfully participate in discovery. All remaining motions (DE 157, 170, 171, and 186) are TERMINATED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge