IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-595-FL

| | |
|---|---|
| ANGELLA R. NEIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| WARREN COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| Defendant. | ) |

This matter is before the court on plaintiff's "opposition to motion for sanctions," which the court construes as a motion for reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, (DE 189), and her motion for new trial (DE 198). Defendant did not file response, and the deadline to do so has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motions are denied.

**COURT'S DISCUSSION**

A.   Motion for Reconsideration

The court first considers plaintiff's opposition to the motion for sanctions as a motion to alter or amend the court's October 27, 2023, judgment pursuant to Rule 59(e). Rule 59(e) allows "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend

1

a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Plaintiff's motion merely restates arguments already deemed insufficient to excuse her failure to participate in the discovery process in this case. She asserts neither any "intervening change in controlling law" nor proffers "new evidence." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Instead, plaintiff indicates that she is willing to respond to "written deposition questions" or appear remotely. (DE 189 at 5). These alternatives were found insufficient for several reasons, including plaintiff's failure to request a remote deposition until nine minutes before the appointed time. (See DE 183 at 5). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Plaintiff's motion is without merit under Rule 59(e).

Next, the court construes plaintiff's motion for reconsideration in part as a motion for relief from judgment pursuant to Rule 60(b). Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells

2

Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

Beginning with the threshold requirements, plaintiff fails to establish that she has a meritorious defense. Plaintiff also fails to show a lack of unfair prejudice to the opposing party or that exceptional circumstances justify revisiting the judgment. Nor does plaintiff plead any of the six enumerated grounds for relief under Rule 60(b). Plaintiff's motion simply recycles arguments already addressed by the court, and thus, Rule 60(b) provides no remedy. See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."). Accordingly, the motion for reconsideration is denied.

B.  Motion for New Trial

The court turns next to plaintiff's motion for new trial under Federal Rule of Civil Procedure 59(a). Rule 59(a)(1) provides that:

> The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Where Rule 59(a)(1) guides the court's actions only after a jury or nonjury trial has occurred, and no such trial has taken place in the instant case, this rule is not an appropriate means for obtaining relief. Instead, a party seeking reconsideration of an order outside the context of trial should pursue relief under Rule 59(e), discussed above.

3

The court therefore construes plaintiff's motion for a new trial as a second motion to alter or amend the judgment pursuant to Rule 59(e). Plaintiff's second motion, however, simply restates the same arguments made in her motion for reconsideration, which have been thoroughly considered by the court. (See DE 183, 187). For the reasons stated in section A of this order, plaintiff's motion is without merit under Rule 59(e), and accordingly, it is denied.

## CONCLUSION

Based on the foregoing, plaintiff's "opposition to motion for sanctions," (DE 189), construed as a motion to alter or amend the judgment pursuant to Rule 59(e) and a motion for relief from judgment pursuant to Rule 60(b), and plaintiff's motion for new trial, construed as a motion for new trial under Rule 59(a) and a motion to alter or amend the judgment pursuant to Rule 59(e) (DE 198) are DENIED.

SO ORDERED, this the 5th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge